UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL C. HENDERSON,

Petitioner,

v.

M. MCDONALD, Warden,

Respondent.

Case No.  11-cv-04254-YGR (PR)

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION; AND DENYING HIS REQUEST FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL**

## INTRODUCTION

This federal habeas corpus action, now closed, was filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner.  On January 10, 2013, the Court denied the federal habeas petition, declined to issue a Certificate of Appealability, and entered judgment in favor of Respondent.  Dkts. 17, 18.  More than three years later, on March 16, 2016, Petitioner filed the instant post-judgment motion.  Dkt. 20.  Petitioner's motion, entitled "Motion for Relief from Judgment Denying Petition 4:11-cv-04254-YGR Pursuant to Fed. Rules of Civil Procedure 60(B)6," is construed as a motion for reconsideration of this Court's January 10, 2013 Order.  Dkt. 20.  Petitioner has also filed a request, in the alternative, to grant him an extension of time to file a notice of appeal.  *Id.* at 4.

For the reasons outlined below, Petitioner's motion for reconsideration and request for an extension of time to file a notice of appeal are DENIED.

## DISCUSSION

## I.  MOTION FOR RECONSIDERATION

Under Federal Rule of Civil Procedure 60(b), a party may seek relief from a judgment and to re-open his case in limited circumstances.  The Rule provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

1

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

2

3

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4

(4) the judgment is void;

5

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6

7

(6) any other reason that justifies relief.

8 Fed. R. Civ. P. 60(b).  The decision of whether or not to grant relief under Rule 60(b) is matter of

9 the district court's discretion.  *See Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996,

10 1001 (9th Cir. 2007).

11        Rule 60(b)(6) allows courts the discretion "to vacate judgments whenever such action is

12 appropriate to accomplish justice." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009)

13 (citation omitted).  Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent

14 manifest injustice and is to be utilized only where extraordinary circumstances prevented a party

15 from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531

16 F.3d 737, 749 (9th Cir. 2008) (internal quotations omitted).

17        "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1),

18 (2), and (3) no more than a year after the entry of the judgment or order or the date of the

19 proceeding." Fed. R. Civ. P. 60(c).  Here, because Petitioner's motion was filed more than three

20 years after the entry of the January 10, 2013 judgment, his motion for reconsideration cannot be

21 brought under reasons (1), (2), and (3).  Reasons (4) and (5) likewise do not apply because

22 Petitioner's motion contains no allegation as to the voiding of the judgment or that the judgment

23 has been satisfied, released or discharged.  Finally, the Court finds that Petitioner's motion does

24 not set forth any other reason justifying relief.  *See* Fed. R. Civ. P. 60(b)(6).  Rather, Petitioner's

25 arguments pertain to the merits of his claims, and thus he seems to be arguing that the decision of

26 the Court was wrong.  While such arguments may be properly advanced on appeal, they are not a

27 basis for reconsideration.  *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338,

28 1341 (9th Cir. 1981) (motions for reconsideration are not a substitute for appeal or a means of

United States District Court
Northern District of California

2

1    attacking some perceived error of the court).  Accordingly, Petitioner's motion for reconsideration

2    is DENIED.  Dkt. 20.

3    **II.      REQUEST TO FILE A LATE NOTICE OF APPEAL**

4          In the alternative, Petitioner requests that this Court "allow [him] to file a notice of appeal

5    due to his misinterpretation of the Court stating no appeal is warrented [sic] and the file is closed."

6    Dkt. 20 at 4.  Specifically, Petitioner claims that he had been misled by the Court's finding that no

7    certificate of appealability was warranted because it "led [him] to believe there was no more

8    remedies [he] could pursue."  *Id.* at 1.  He adds that he "just discovered he could have filed a

9    certificate of appealability with this [C]ourt, and the [Ninth Circuit] and thereafter the U.S.

10   Supreme Court."  *Id.*

11         An appeal of right may be taken only by filing a valid notice of appeal in the district court

12   within the time allowed by Federal Rule of Appellate Procedure ("FRAP") 4.  *See* FRAP 3(a)(1).

13   The notice of appeal must be filed within thirty days after judgment is entered.  *See* FRAP 4(a)(1).

14   Here, a timely notice of appeal needed to have been filed on or before February 11, 2013—thirty

15   days after judgment was entered on January 10, 2013.  That deadline has passed, and Petitioner

16   failed to file a timely notice of appeal.  Even if the instant motion were construed as a notice of

17   appeal, it would be untimely as it was filed more than three years after the deadline had passed.

18         Relief from the deadline for filing a notice of appeal may be obtained by a motion in the

19   district court under FRAP 4(a)(5) (motion for an extension of time), or under FRAP 4(a)(6)

20   (motion to reopen time to file appeal).

21         FRAP 4(a)(5) allows a motion for an extension of time if the party requests it within thirty

22   days of the expiration of the time to file the notice and shows an excusable neglect or good cause.

23   *See* Fed. R. App. P. 4(a)(5).  The United States Supreme Court, in the context of a dispute about a

24   bankruptcy rule, has said that "neglect" encompasses faultless omissions and omissions caused by

25   carelessness, and that the determination whether neglect was "excusable" is an equitable one,

26   taking account of all relevant circumstances surrounding a party's omission.  *Pioneer Inv. Serv.*

27   *Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388, 392, 395 (1993) (addressing phrase

28   "excusable neglect" in Rule 6(b) of the Federal Rules of Civil Procedure).  Although

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1  "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute

2  'excusable' neglect," *Pioneer*, 507 U.S. at 392, there is no rigid legal rule against late filing

3  attributable to any particular type of negligence, such as delegating an obligation to know a rule to

4  a non-lawyer or failure to read or understand an unambiguous federal rule, such as the rule

5  governing time to appeal.  *Pincay v. Andrews*, 389 F.3d 853, 858-60 (9th Cir. 2004) (en banc).

6  Here, even if Petitioner is arguing that the delayed filing of his notice of appeal is due to

7  excusable neglect, his motion for an extension of time had to be filed by March 13, 2013, that is,

8  thirty days after February 11, 2013.  Petitioner's instant motion was not filed until March 16,

9  2016—three years past the deadline, and it is untimely.  Therefore, the Court need not consider

10  whether Petitioner has shown excusable neglect, and his request for an extension of time to file a

11  notice of appeal under FRAP 4(a)(5) is DENIED.

12  Under FRAP 4(a)(6), the district court may reopen the time to file an appeal, but only if all

13  the following conditions are satisfied:

14  > (A) the court finds that the moving party did not receive
15  > notice under Federal Rule of Civil Procedure 77(d) of the entry of
    > the judgment or order sought to be appealed within 21 days after
16  > entry;

17  > (B) the motion is filed within 180 days after the judgment or
    > order is entered or within 14 days after the moving party receives
    > notice under Federal Rule of Civil Procedure 77(d) of the entry,
18  > whichever is earlier; and

19  > (C) the court finds that no party would be prejudiced.

20  Fed. R. App. P. 4(a)(6).

21  There is nothing in the current filing that satisfies these conditions, even if the Court

22  construes the current motion as containing a motion under FRAP 4(a)(6).  Petitioner does not

23  allege that he did not receive the Court's January 10, 2013 Order and Judgment within 21 days

24  after entry.  His March 16, 2016 motion was filed more than 180 days after the date judgment was

25  entered on January 10, 2013.  If Petitioner sincerely believes that he can meet the requirements

26  under FRAP 4(a)(6), he may file a motion to reopen time to file appeal under FRAP 4(a)(6) no

27  later than **twenty-eight (28) days** from the date of this Order.  Petitioner is reminded that he must

28  sign all motions he files with this Court.

4

**CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1.      Petitioner's motion for reconsideration is DENIED.  Dkt. 20.

2.      Petitioner's request for an extension of time to file a notice of appeal under FRAP 4(a)(5) is DENIED.  If Petitioner believes he can sincerely meet the aforementioned requirements under FRAP 4(a)(6), he may file a motion to reopen time to file appeal under FRAP 4(a)(6) no later than **twenty-eight (28) days** from the date of this Order.

3.      This Order terminates Docket No. 20.

IT IS SO ORDERED.

Dated:  November 23, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge

United States District Court
Northern District of California