UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. HENDERSON,<br><br>Petitioner,<br><br>v.<br><br>M. MCDONALD, Warden,<br><br>Respondent. | Case No. 11-cv-04254-YGR (PR)<br><br>**ORDER DENYING PETITIONER'S MOTION TO REOPEN TIME TO FILE APPEAL** |

This federal habeas corpus action, now closed, was filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. On January 10, 2013, the Court denied the federal habeas petition, declined to issue a Certificate of Appealability, and entered judgment in favor of Respondent. Dkts. 17, 18.

More than three years later, on March 16, 2016, Petitioner filed a post-judgment motion, entitled "Motion for Relief from Judgment Denying Petition 4:11-cv-04254-YGR Pursuant to Fed. Rules of Civil Procedure 60(B)6," which was construed as a motion for reconsideration of this Court's January 10, 2013 Order. Dkt. 20. Petitioner also filed a request, in the alternative, to grant him an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure ("FRAP") 4(a)(5). *Id.* at 4. In an Order dated November 23, 2016, the Court denied Petitioner's motion for reconsideration and his request to grant him an extension of time to file a notice of appeal. Dkt. 21. The Court further considered whether Petitioner was entitled to relief from the deadline for filing a notice of appeal under FRAP 4(a)(6), stating as follows:

> Under FRAP 4(a)(6), the district court may reopen the time to file an appeal, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

> (C) the court finds that no party would be prejudiced.
>
> Fed. R. App. P. 4(a)(6).
>
> There is nothing in the current filing that satisfies these conditions, even if the Court construes the current motion as containing a motion under FRAP 4(a)(6). Petitioner does not allege that he did not receive the Court's January 10, 2013 Order and Judgment within 21 days after entry. His March 16, 2016 motion was filed more than 180 days after the date judgment was entered on January 10, 2013. If Petitioner sincerely believes that he can meet the requirements under FRAP 4(a)(6), he may file a motion to reopen time to file appeal under FRAP 4(a)(6) no later than **twenty-eight (28) days** from the date of this Order.

Dkt. 21 at 4 (emphasis in original).

Before the Court is Petitioner's motion to reopen time to file appeal under FRAP 4(a)(6), which was filed in response to the Court's aforementioned November 23, 2016 Order. Dkt. 22. However, in the instant motion, Petitioner still does not explain how he meets the requirements under FRAP 4(a)(6). Instead, he requests "another chance to continue with [his] appeal" based on "ignorance of the law." Dkt. 22 at 2. Petitioner admits that he did not make any attempts to pursue his appeal for "3 whole years," and that "[i]t took . . . another inmate properly inform[ing] [him] that even though [his habeas petition] was denied in the U.S. Dist. Court [he] still could have filed a[] Certificate of Appealability in the 9th Circuit . . . then after[wards] in the U.S. Supreme Court." *Id.* However, Petitioner's ignorance of the law does not satisfy the conditions under FRAP 4(a)(6). *See* Fed. R. App. P. 4(a)(6). Moreover, nowhere does Petitioner state he did not receive the Court's January 10, 2013 Order and Judgment within 21 days after entry. Furthermore, his initial March 16, 2016 post-judgment motion and his current motion to reopen were filed *more than* 180 days after the date judgment was entered on January 10, 2013. Therefore, Petitioner is not entitled to relief under FRAP 4(a)(6).

Accordingly, Petitioner's motion to reopen time to file appeal under FRAP 4(a)(6) is DENIED. This Order terminates Docket No. 22.

IT IS SO ORDERED.

Dated: August 7, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge

2